J-S71017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ASHLEY LYNN ECKENRODE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH JAMES CHAMBERS | |
| Appellee | No. 900 MDA 2014 |

Appeal from the Order April 10, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2014 FC 578-12

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 30, 2014**

Appellant, Ashley Lynn Eckenrode, appeals from the order entered April 10, 2014, in the Court of Common Pleas of York County, which denied Eckenrode's petition for a final Protection from Abuse Order brought under the Protection from Abuse Act (the "PFA Act"), 23 Pa.C.S. § 6101 *et seq*. We affirm.

On March 28, 2014, Eckenrode filed a PFA Petition against her long-time boyfriend, Appellee, Joseph James Chambers.  The court entered a temporary PFA order pending a final evidentiary hearing.  A hearing was conducted on April 10, 2014, at which Chambers did not appear.  At the hearing, Eckenrode testified that on March 18, 2014, Chambers threatened

_____

[*] Former Justice specially assigned to the Superior Court.

her with a bat, punched her in the face, and hit her three more times. *See* N.T., Hearing, 4/10/14 at 5-6. Eckenrode further testified to an episode that occurred on March 25, 2014, during which Chambers allegedly came home intoxicated, and was kicking and punching things in the house. *See id*. at 11. When Eckenrode attempted to leave the room, Chambers responded, "no, you're not leaving anywhere," and allegedly started kicking Eckenrode in the arm while they were sitting on the bed. *See id*. Lastly, Eckenrode testified that on New Year's in 2013, she and Chambers entered into an argument, after which Chambers pulled her hair and kicked her several times in the side. *See id*. at 13-14.

At the conclusion of the hearing, the trial court denied Eckenrode's request for a final PFA order. At the time, the court reasoned that although Eckenrode alleged that Chambers engaged in conduct that caused her pain, she did not identify that she was injured in the course of the conduct. *See id*. at 17. This timely appeal followed.

On appeal, Eckenrode raises the following issues for our review:

1. Did the trial court abuse its discretion when it found that the uncontested testimony of Appellant lacked credibility?

2. Did the trial court err as a matter of law when it denied Appellant a Final Protection from Abuse Order because Appellant did not identify that she was injured?

Appellant's Brief at 4.

"Our standard of review for PFA orders is well settled. 'In the context of a PFA order, we review the trial court's legal conclusions for an error of

law or abuse of discretion.'" ***Boykai v. Young***, 83 A.3d 1043, 1046 (Pa. Super. 2014) (citation omitted).

> When faced with a sufficiency challenge under the PFA Act, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. Furthermore, we must defer to the credibility determinations of the trial court. Finally, we note that a PFA petitioner is not required to file a police report, nor is it necessary for her to introduce medical evidence of an injury. The petitioner's testimony is sufficient if it is believed by the trial court.

***Custer v. Cochran***, 933 A.2d 1050, 1058 (Pa. Super. 2007) (internal citations omitted).

Eckenrode essentially argues that the trial court erred when it discredited her testimony concerning the allegations of abuse[1] allegedly

_____

[1] The PFA Act defines "abuse" as follows:

> The occurrence of one or more of the following acts *between family or household members,* sexual or intimate partners or persons who share biological parenthood:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.
>
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

*(Footnote Continued Next Page)*

inflicted by Chambers. Although the trial court ultimately acknowledged in its Rule 1925(a) opinion that Eckenrode did testify that she was injured by Chambers, it did not find her testimony to be credible "either in its content or in the way it was presented." Trial Court Opinion, 6/9/14 at 4. The trial court observed that:

> During the hearing, it appeared Ms. Eckenrode was motivated to file for Protection from Abuse Order in an effort to obtain custody of the couple's nine-year-old daughter. Despite the fact that the petition was filed also on behalf of the daughter, absolutely no testimony was presented that Mr. Chambers engaged in abusive behavior towards the daughter. In fact, Ms. Eckenrode testified that, during one of the alleged incidents, Mr. Chambers calmed down once the daughter entered the room.
>
> Based on this [c]ourt's assessment of her credibility, her testimony did not support a finding of abuse as defined by the Protection from Abuse Act or an award of the relief requested.

*Id*. at 4-5.

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).
>
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102 (emphasis added).

"Credibility determinations are crucial components to any trial proceeding." ***Ferko-Fox v. Fox***, 68 A.3d 917, 924 (Pa. Super. 2013). "The trial court's ability to view the petitioner's facial expressions and mannerisms during the … hearing is critical to an ability to render its credibility determinations." ***Id***. Instantly, the trial court did not credit Eckenrode's testimony at the evidentiary hearing. We are powerless to disturb this finding on appeal. ***See Leonard v. Smith***, 684 A.2d 622, 627 (Pa. Super. 1996) (appellate court will not disturb PFA court's credibility determinations). As the trial court discredited Eckenrode's testimony, we are constrained to affirm the order denying Eckenrode's petition for a final PFA order.

Order affirmed.

President Judge Emeritus Ford Elliott notes her dissent.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014

- 5 -